UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 20-21511-CIV-MARTINEZ-OTAZO-REYES

HELEN BURKES,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for a ruling on all pre-trial, non-dispositive matters, and for a report and recommendation on all dispositive matters. (ECF No. 2). Both parties filed motions for summary judgment. (ECF Nos. 18 & 19). Magistrate Judge Otazo-Reyes filed a Report and Recommendation ("R&R") recommending that (1) Plaintiff's Motion for Summary Judgment, (ECF No. 18), be denied; (2) Defendant's Motion for Summary Judgment, (ECF No. 19), be granted; and (3) the Commissioner's decision be affirmed. (ECF No. 22). Plaintiff timely filed objections to the R&R ("Objections"), (ECF No. 23), to which Defendant did not respond. The Court has conducted a *de novo* review of the R&R, Plaintiff's Objections, as well as the entire file and record. Having reviewed the record, the Court finds that Plaintiff's Objections are **OVERRULED**, and the R&R is **AFFIRMED** and **ADOPTED** in its entirety.

Plaintiff objects to the R&R because of the Administrative Law Judge's ("ALJ") "failure to make any findings regarding the medical necessity of Plaintiff's cane." (ECF No. 23 at 3). This

1

very same argument was raised by Plaintiff in her motion for summary judgment, (ECF No. 18-2, at 3–6), and was addressed in Judge Otazo-Reyes's well-reasoned R&R.  (*See* ECF No. 22, at 29–32).  Indeed, Claimant concedes that the R&R relies on the appropriate facts and law but disagrees with the R&R's conclusion.  (ECF No. 23 at 3).

As explained in the briefing, and acknowledged in the R&R, Plaintiff filed this action pursuant to 42 U.S.C. § 402(g), seeking to reverse the final, unfavorable administrative decision on Plaintiff's application for disability insurance benefits and supplemental security income.  (ECF No. 22 at 2).  In support of her claim, Plaintiff argued that the ALJ erred in two respects, by (1) failing to make findings regarding Plaintiff's need for an assistive device, and (2) mischaracterizing the nature of, and failing to properly address, probative vocational evidence demonstrating Plaintiff cannot perform her past work.  (*Id.* at 3).  Plaintiff objects only as to the R&R's conclusion on her first argument; namely, that the ALJ did not consider how her prescription—given to her two weeks prior to the ALJ hearing—for a cane for her "weak bones" impacted the Residual Functional Capacity ("RFC") assessment.  (*Id.* at 29).  An RFC "is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite her impairments."  *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831 (11th Cir. 2013).

Pursuant to Social Security Ruling 96-9p, "a claimant must present medical documentation (1) establishing her need for a cane or other device and (2) describing the circumstances for which it is needed.  Without that showing, an ALJ is not required to include the use of a cane in a claimant's RFC." *Williams v. Acting Comm'r of the SSA*, No. 18-cv-764, 2019 U.S. Dist. LEXIS 101866, *9 (M.D. Fla. June 18, 2019); *see also Brownell v. Comm'r of Soc. Sec.*, No. 13-cv-173, 2014 U.S. Dist. LEXIS 136197, *18 (M.D. Fla. Sept. 26, 2014) ("[A] hand-held assistive device is medically required where medical documents 'establish the need for a hand-held assistive device

to aid in walking or standing, and describe the circumstances for which it is needed.'"). Moreover, "a prescription or lack of a prescription for an assistive device is not necessarily dispositive of medical necessity." *Kendrick v. Comm'r of Soc. Sec.*, No. 17-cv-244, 2018 U.S. Dist. LEXIS 147254, *9, *adopted*, 2018 U.S. Dist. LEXIS 147368 (M.D. Fla. Aug. 29, 2018); *see also Estelle v. Astrue*, No. 11-cv-337, 2012 U.S. Dist. LEXIS 136006, *48–49 ("Simply because he was prescribed a cane does not mean that the cane would make him unable to work at a light level of exertion as determined by the ALJ."), *adopted*, 2012 U.S. Dist. LEXIS 136005 (M.D. Fla. Sept. 24, 2012); *Jolly v. SSA*, No. 20-cv-00646, 2021 U.S. Dist. LEXIS 182158, *17–18 (N.D. Ala. Sept. 23, 2021).  This Court must affirm the ALJ's decision if it is supported by substantial evidence, even if the Court would have reached a contrary result as a finder of fact and even if the Court finds that a preponderance of the evidence weighs against the decision.  *See* 42 U.S.C. § 402(g); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Here, the ALJ's decision is supported by substantial evidence.  That is, the record is replete with examples of Plaintiff's ability to ambulate without the use of the prescribed cane.  As noted in the ALJ's unfavorable decision, in February 2018, Plaintiff's examination reported that she "was able to walk on her toes and heels without difficulty" and "did not use any assistive devices to ambulate."  T.R. 105.  The ALJ also recognized reports that Plaintiff was able to walk her dog, her gait and stance were consistently normal, and her pain improved when she went out for walks. (T.R. 102, 106–07).

To support her argument that a cane is medically required, Claimant points to two medical reports that do not mention a cane, and the prescription for a cane on January 30, 2019.  (ECF No. 18-2 at 6; ECF No. 22 at 32).  Claimant also refers to a report from January 2019 stating that Claimant "uses [a] cane sometimes for ambulation."  (T.R. 990).  In sum, the record does not

3

demonstrate that Claimant's use of a cane was medically required. Accordingly, as the R&R correctly concluded, the ALJ was not required to consider the use of a cane in formulating the RFC. (ECF No. 22 at 32).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that United States Magistrate Judge Otazo-Reyes' Report and Recommendation, (ECF No. 22), is **AFFIRMED** and **ADOPTED**. It is further **ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment, (ECF No. 18), is **DENIED**.
2. Defendant's Motion for Summary Judgment, (ECF No. 19), is **GRANTED.**
3. The Commissioner's decision is **AFFIRMED.**
4. The Clerk of Court is directed to **CLOSE** this case.
5. A final judgment shall be entered by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of January, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record